IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| STEPHEN P. MCRAE, | **MEMORANDUM DECISION & ORDER REQUIRING AMENDED PETITION** |
|---|---|
| Petitioner, | |
| v. | Case No. 2:18-cv-00159-JNP |
| MARK HUBER. et al., | District Judge Jill Parrish<br>Magistrate Judge Brooke C. Wells |
| Respondents. | |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(B) by Judge Jill N. Parrish [ECF No. 8]  Before the court are Petitioner's Petition for Writ of Habeas under 28 U.S.C. § 2241 [ECF No. 6] and Motion to Appoint Counsel [ECF No. 7].  Having reviewed both the petition and motion, the court concludes the Motion to Appoint Counsel is DENIED, without prejudice, and the habeas petition should be amended within 30 days of this order to cure the deficiencies addressed below if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

Petition:

(a)  lists a respondent other than his custodian.

(b)  inappropriately requests relief regarding conditions of confinement that would be properly brought as civil-rights claims in a different case.

(c)  needs to specify a clear timeline regarding exhaustion of claim(s) in the appeals and post-conviction processes in the federal court case.

**INSTRUCTIONS TO PETITIONER**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, Petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* 28 U.S.C § 2242. Third,

Petitioner may generally not bring civil-rights claims as to his conditions of confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under § 2254; any claims about the execution of Petitioner's sentence should be brought under § 2241. 28 U.S.C.S. §§ 2254, 2241 (2018). Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) if available where he is held.

## MOTION FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motion for appointed counsel. [ECF No. 7]. The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2018).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so

complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for now Petitioner's motion for appointed counsel.

# O R D E R

Based on the above, **IT IS ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies in his Petition noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motion for appointed counsel is **DENIED,** without prejudice. [ECF No. 7] If it appears later that counsel may be needed or of specific help, the court may appoint an attorney to appear on Petitioner's behalf.

DATED this 20th day of November, 2018.

BY THE COURT:

**BROOKE C. WELLS**
U.S. Magistrate Judge